## SUPREME COURT.

### In the Matter of GUSTAVUS A. BRAKE.

*Practice — Effect of special term caption on ex parte order.*

A special term caption does not alter the real character of an *ex parte* order, or deprive an adverse party of the right to move on notice to vacate or modify it.

An order appointing a trustee and directing payment to him of moneys under the provisions of a will, which the court has, by decree, declared to be inoperative, is void; and such trustee being an alien and non-resident, the application for such order was an attempt to evade the provisions of the decree.

*First Department, General Term, July,* 1880.

APPEAL from order vacating an order appointing a trustee and refusing to punish for contempt.

*John A. Kaufing,* for appellant.

*R. E. Robinson,* for respondent.

BARRETT, *J.* — The appellant is entirely incorrect in his contention that it was incompetent for the court below to make the order appealed from. It was not a case of one judge attempting to set aside the order of a brother judge, but of

the special term upon due notice, and after hearing both sides, vacating an. *ex parte* order. This was correct and ordinary practice. It is true that the *ex parte* order had the special term caption. But that did not alter its real character, nor deprive the company of their right to move the court, upon notice, to vacate or modify it. It only prevented them from applying to another justice, *ex parte*, for such vacation or modification. Upon the merits, it is entirely clear that the order appointing the trustee, and directing the company to pay over, was improvidently made. This was so even upon the papers upon which it was granted. There was no power to make such an order. But it also appears that a decree in partition had previously been made in this court adjudging the provisions of Augustus Henry's will, so far as it directs payment of Gustavus Adolphus Brake's share to Henry Schluter (the very person so appointed trustee and authorized to demand the share from the company) to be inoperative. Schluter was an alien and non-resident. The order in fact was void, and the trust company only did its duty in calling the matter to the attention of the court. The application was a barefaced attempt to evade the provisions of the partition decree, and to withdraw the fund from our jurisdiction. This must have been the view entertained by the learned justice who granted the original order, as soon as his attention was called to the real fact, for it appears that the vacation was after consultation with him, and, undoubtedly, with his full concurrence. The order should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concur.